# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 5, 2014

## STATE OF TENNESSEE v. COBY CURTIS HARRISON

**Appeal from the Circuit Court for Weakley County**
**No. 2011-CR09   William B. Acree, Jr., Judge**

---

**No. W2013-01596-CCA-R3-CD  - Filed March 19, 2014**

---

The defendant, Coby Curtis Harrison, admitted to violating his probation and now appeals the trial court's order requiring him to serve the remainder of his three-year sentence for aggravated assault in confinement. We affirm the judgment of the trial court in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Lloyd R. Tatum, Henderson, Tennessee, for the appellant, Coby Curtis Harrison.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Senior Counsel; Thomas A. Thomas, District Attorney General; and Kevin McAlphin, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On February 24, 2011, the defendant pled guilty to aggravated assault, a Class C felony. He received an effective three-year sentence, with four months to be served in jail and the remainder to be served on probation. After a hearing in which the defendant admitted to violating the terms of his probation, the trial court revoked his probation and ordered that he serve the remainder of his sentence in incarceration. The trial court noted that the defendant violated Rules 1, 5, and 6 of his probation when he was charged with aggravated burglary, fled to Texas without informing his probation officer, and failed to turn himself in when charged with aggravated burglary. The aggravated burglary charge was ultimately dismissed the day before the defendant's probation violation hearing. The

defendant contends that the trial court erred in completely revoking his probation and requests that the court instead reinstate his probation and transfer it to the state of Texas so he may resume operating his small business. The trial court obtained jurisdiction when the defendant was extradited from the state of Texas back to the state of Tennessee.

A trial court has the discretion to revoke probation if it finds by a preponderance of the evidence that a defendant violated the conditions of probation. *See* T.C.A. §§ 40-35-310, -311(e) (2010); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). If the trial court does find by a preponderance of the evidence that the defendant has violated the conditions of probation, the court is granted the authority to: (1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years. T.C.A. §§ 40-35-308(a), -308(c), -310, -311(e)(1). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991).

Appellate courts have a limited scope of review when a defendant challenges a probation revocation. This court will not disturb the judgment of the trial court "unless it appears that there has been an abuse of discretion." *Id.* A trial judge abuses his or her discretion only if there is "no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation occurred." *Shaffer*, 45 S.W.3d at 554 (Tenn. 2001).

The evidence contained in this record shows that the defendant admitted he violated the terms of his probation. The terms of the defendant's probation stated that he would obey the laws of the United States and any state where he may be, that he would inform his probation officer of any change in residence, and that he would carry out all lawful instructions of the probation officer. The defendant began serving his probation on March 19, 2012.

The record indicates that the defendant was then charged with aggravated burglary on April 14, 2012, violating Rule 1 of his probation. The record further shows the probation officer filed a probation violation report on April 19, 2012, stating that the defendant ignored the April 18, 2012, instruction of the probation officer to turn himself in on the aggravated burglary charge, violating Rule 6 of his probation. On May 19, 2012, the defendant was arrested in Ector County, Texas, and charged with providing false identification and evading arrest, both misdemeanors. On June 27, 2012, the defendant pled guilty to the charges and received community supervision.

A second probation violation report was filed on October 12, 2012, alleging that the defendant violated Rule 5 of his probation when he moved from his approved Tennessee residence without the permission or prior knowledge of his probation officer. On December 21, 2012, the Tennessee Department of Correction learned of the defendant's arrests in Texas, and the defendant was subsequently extradited to the state of Tennessee for an evidentiary probation violation hearing.

Based on the testimony of the defendant and Tennessee Department of Correction Officer Kevin Sandifer, the trial court found that the defendant violated the terms of his probation and sentenced the defendant to serve the remainder of his sentence in incarceration. Having properly concluded that a violation had occurred, the trial court was statutorily authorized to order incarceration. Thus, we conclude that the trial court neither erred nor abused its discretion when it revoked the defendant's probation and ordered that the defendant serve his sentence in incarceration.

It appearing that the evidence does not preponderate against the trial court's findings and that this opinion would have no precedential value, the judgment of the trial court is affirmed pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE